**FILED**
**FEBRUARY 11, 2011**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RECEIVED 
DEC 22 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Carolyn J. Jackson

(Name of the plaintiff or plaintiffs)

v.

Lawrence Hall Youth Services

(Name of the defendant or defendants)

1:10-cv-08205
Judge Gary Feinerman
Magistrate Judge Nan R. Nolan

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.
2. The plaintiff is CAROLYN J. JACKSON of the county of COOK in the state of ILLINOIS.
3. The defendant is LAWRENCE HALL YOUTH SERVICE, whose street address is 65 E WACKER DRIVE, (city) CHICAGO (county) COOK (state) IL (ZIP) 60601
(Defendant's telephone number) (312) – _____
II The plaintiff sought employment or was employed by the defendant at (street address) 65 E. WACKER DRIVE (city) CHICAGO (county) COOK (state) IL (ZIP code) 60601

5. The plaintiff [*check one box*]
   (a) ☐ was denied employment by the defendant.
   (b) ☐ was hired and is still employed by the defendant.
   (c) ☑ was employed but is no longer employed by the defendant.
6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) Nov., (day) 1, (year) 2006.

7.1 *(Choose paragraph 7.1 or 7.2, do NOT complete both.)*

      (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*]

      ☑ has not ☑ has filed a charge or charges against the defendant asserting the acts of

discrimination indicated in this complaint with any of the following government agencies:

    (i)   ☑ the United States Equal Employment Opportunity Commission, on or about
(month)_____ (day)_____ (year)_____.

    (ii)   ☑ the Illinois Department of Human Rights, on or about
(month)_____ (day)_____ (year)_____.

(b) If charges *were* filed with an agency indicated above, a copy of the charge is ttached. ☑ YES. ☐ NO,

**but plaintiff will file a copy of the charge within 14 days.**
It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2   The defendant is a federal governmental agency, and
(a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

      ☐   Yes (month)_____ (day)_____ (year)_____

      ☐   No, did not file Complaint of Employment Discrimination

2.   The plaintiff received a Final Agency Decision on (month)_____
(day)_____ (year)_____.

c.   Attached is a copy of the

    a. Complaint of Employment Discrimination,

    ☐ YES   ☐ NO, but a copy will be filed within 14 days.

    (ii)   Final Agency Decision

    ☐ YES   ☐ NO, but a copy will be filed within 14 days.

8.   *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) [✓] the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b) [ ] the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month)_____ (day)_____ (year)_____ a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

   (a) [ ] Age (Age Discrimination Employment Act).
   (b) [ ] Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (c) [✓] Disability (Americans with Disabilities Act or Rehabilitation Act)
   (d) [✓] National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (e) [✓] Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (f) [ ] Religion (Title VII of the Civil Rights Act of 1964)
   (g) [✓] Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

    (a) [ ] failed to hire the plaintiff.
    (b) [✓] terminated the plaintiff's employment.
    (c) [ ] failed to promote the plaintiff.
    (d) [ ] failed to reasonably accommodate the plaintiff's religion.
    (e) [ ] failed to reasonably accommodate the plaintiff's disabilities.
    (f) [✓] failed to stop harassment;
    (g) [ ] retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;
    (h) [ ] other (specify):_____

    _____
    _____
    _____
    _____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

_____
_____
_____
_____
_____
_____
_____

14. **[*AGE DISCRIMINATION ONLY*]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☐ YES    ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☐ Direct the defendant to hire the plaintiff.
(b) ☐ Direct the defendant to re-employ the plaintiff.
(c) ☐ Direct the defendant to promote the plaintiff.
(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.
(e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.
(f) ☐ Direct the defendant to (specify): _____

_____
_____
_____

(g) ☑ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☑ Grant such other relief as the Court may find appropriate.

_____*Carolyn J Jackson*_____
Plaintiff's signature

_____CAROLYN J. JACKSON_____
Plaintiff's name

Plaintiff's street address  2901 S. KING DR.

#313

City CHICAGO  State IL  ZIP 60616

Plaintiff's telephone number 312-326-6425

Date: 12/27/10

Case: 1:10-cv-08205 Document #: 11 Filed: 02/27/10 Page 5 of 19 PageID #:51

EEOC Form 161 (11/09)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Carolyn J. Jackson<br>2901 S King Dr #313<br>Chicago, IL 60616 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

**CERTIFIED MAIL 7010 1870 0001 1856 7093**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2007-00876 | Armernola P. Smith,<br>State & Local Coordinator | (312) 886-5973 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*John P. Rowe / cft*      09/21/2010

Enclosures(s)      John P. Rowe,<br>District Director      *(Date Mailed)*

cc:    **LAWRENCE HALL YOUTH SERV**<br>65 E Wacker Drive<br>Chicago, IL 60601

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

| | |
|---|---|
| EEOC form 131-VII (11/02) | PERSON FILING CHARGE: **JACKSON CAROLYN J** |
| JACKSON CAROLYN J<br>Versus<br>LAWRENCE HALL YOUTH SERV | THIS PERSON (check one)<br>☐ CLAIMS TO BE AGGRIEVED<br>☐ IS FILING ON BEHALF OF ANOTHER |
| | DATE OF ALLEGED VIOLATION<br>Earliest         Most Recent |
| | PLACE OF ALLEGED VIOLATION |
| | EEOC CHARGE NUMBER: 21BA70876 |
| | DHR Charge Number: 2007CF2004 |

**NOTICE OF CHARGE OF DISCRIMINATION** IN JURISDICTIONS WHERE A FEP AGENCY WILL INITIALLY PROCESS
*(See EEOC "Rules and Regulations" for additional information)*

YOU ARE HEREBY NOTIFIED THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

[X] Title VII of the Civil Rights Act of 1964.    [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act of 1967 (ADEA)

HAS BEEN RECEIVED BY

[ ] The EEOC and sent for initial processing to _____
(FEP Agency)

[X] The Illinois Department of Human Rights and sent to the EEOC for dual filing purposes.
(FEP Agency)

While EEOC has jurisdiction (upon expiration of any deferral requirement if this is a Title VII or ADA charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of the Agency's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that the allegations made in the charge are true.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency in the course of its proceedings will be considered by the Commission when it reviews the Agency's final findings and orders. In many instances the Commission will take no further action, thereby avoiding the necessity of an investigation by both the Agency and the Commission. This likelihood is increased by your cooperation with the Agency.

[ ] As a party to the charge, you may request that EEOC review the final decision and order of the above named Agency. For such a request to be honored, you must notify the Commission in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by the Commission. Regardless of whether the Agency or the Commission processes the charge, the Recordkeeping and Non-Retaliation provisions of the statutes as explained in the "EEOC Rules and Regulations" apply.

For further correspondence on this matter, please use the charge number(s) shown.

[ ] An Equal Pay Act investigation (29 U.S.C. (d)) will be conducted by the Commission concurrently with the Agency's investigation of the charge.

[X] Enclosure: Copy of Charge

**BASIS OF DISCRIMINATION**
See Copy of Charge

**CIRCUMSTANCES OF ALLEGED VIOLATION:**


| DATE<br>June 24, 2010 | TYPED NAME/TITLE OF AUTHORIZED EEOC OFFICIAL<br>John P. Rowe, District Director | SIGNATURE<br>*/s/ John P. Rowe* |
|---|---|---|

EEOC form 131-VII (11/02)

# CHARGE OF D[IS]CRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

#07W0122-14

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ IDHR | 2007CF2004 |
| ☐ EEOC | |

## Illinois Department of Human Rights and EEOC

**NAME** (Indicate Mr. Ms. Mrs.)
Ms. Carolyn J. Jackson

**HOME TELEPHONE** (include area code)
(312) 326-6425

**STREET ADDRESS**
2901 S. King Drive; Apt. 211

**CITY, STATE AND ZIP CODE**
Chicago, IL. 60616

**DATE OF BIRTH**
05 / 12 / 67

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

**NAME**
Lawrence Hall Youth Services

**NUMBER OF EMPLOYEES, MEMBERS 15+**

**TELEPHONE** (include area code)
(312) 346-3383

**STREET ADDRESS**
65 East Wacker Drive

**CITY, STATE AND ZIP CODE**
Chicago, IL. 60601

**COUNTY**
Cook (031)

**CAUSE OF DISCRIMINATION BASED ON:**
Race    National Origin    Sex    Physical Handicap

**DATE OF DISCRIMINATION**
EARLIEST (ADEA/EPA) LATEST (ALL)
12/08/06

☐ CONTINUING ACTION

**THE PARTICULARS ARE** (if additional space is needed attach extra sheets)

I.  A.  ISSUE/BASIS

   HARASSMENT, BEGINNING ON OR ABOUT NOVEMBER 1, 2006 AND CONTINUING THROUGH DECEMBER 8, 2006, BECAUSE OF MY RACE, BLACK.

   B.  PRIMA FACIE ALLEGATIONS

   1. My race is black.

   2. I have satisfactorily performed my duties as an Institutional Advancement Clerk, and have been employed with Respondent since December 5, 2005.

(Continued)

---

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME THIS 23rd DAY OF January, 2007

_____
NOTARY SIGNATURE

"OFFICIAL SEAL"
JACQUELYN TURNER HAMB
Notary Public, State of Illinois
My Commission Expires 9/21/09
NOTARY SEAL

X _____  1/23/07
SIGNATURE OF COMPLAINANT    DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

FORM 5 (5/05)

Complainant: Carolyn J. Jackson
Charge Number: 2007CF2004
Page 2.

3. Beginning on or about November 1, 2006 and continuing through December 8, 2006, I have been harassed in Respondent's workplace by Tracy Rudd (white), Respondent's Institutional Advancement Supervisor. During this period of time, Rudd has harassed me by continuously issuing me disciplinary actions which are not true, and are perceived by me as being harassing in nature. I have not engaged in any acts of willful misconduct which have merited being harassed in the workplace.

4. I believe that there have been other, similarly situated, non-black clerks, that have levels of seniority and work performance which is similar to mine, but they are not being harassed in Respondent's workplace in the manner which I have been experiencing.

II. A. ISSUE/BASIS

HARASSMENT, BEGINNING ON OR ABOUT NOVEMBER 1, 2006 AND CONTINUING THROUGH DECEMBER 8, 2006, BECAUSE OF MY SEX, FEMALE.

B. PRIMA FACIE ALLEGATIONS

1. My sex is female.

2. I have satisfactorily performed my duties as an Institutional Advancement Clerk, and have been employed with Respondent since December 5, 2005.

3. Beginning on or about November 1, 2006 and continuing through December 8, 2006, I have been harassed in Respondent's workplace by Tracy Rudd (female), Respondent's Institutional Advancement Supervisor. During this period of time, Rudd has harassed me by continuously issuing me disciplinary actions which are not true, and are perceived by me as being harassing in nature. I have not engaged in any acts of willful misconduct which have merited being harassed in the workplace.

4. I believe that there have been other, similarly situated, male clerks, that have levels of seniority and work performance which is similar to mine, but they are not being harassed in Respondent's workplace in the manner which I have been experiencing.

(Continued)

Complainant: Carolyn J. Jackson
Charge Number: 2007CF2004
Page 3

III.  A.  ISSUE/BASIS

HARASSMENT, BEGINNING ON OR ABOUT NOVEMBER 1, 2006 AND CONTINUING THROUGH DECEMBER 8, 2006, BECAUSE OF MY NATIONAL ORIGIN, JAMAICA.

B.  PRIMA FACIE ALLEGATIONS

1. My national origin is Jamaica.

2. I have satisfactorily performed my duties as an Institutional Advancement Clerk, and have been employed with Respondent since December 5, 2005.

3. Beginning on or about November 1, 2006 and continuing through December 8, 2006, I have been harassed in Respondent's workplace by Tracy Rudd (non-Jamaica), Respondent's Institutional Advancement Supervisor. During this period of time, Rudd has harassed me by continuously issuing me disciplinary actions which are not true, and are perceived by me as being harassing in nature. I have not engaged in any acts of willful misconduct which have merited being harassed in the workplace.

4. I believe that there have been other, similarly situated, non-Jamaica clerks, that have levels of seniority and work performance which is similar to mine, but they are not being harassed in Respondent's workplace in the manner which I have been experiencing.

IV.  A.  ISSUE/BASIS

HARASSMENT, BEGINNING ON OR ABOUT NOVEMBER 1, 2006 AND CONTINUING THROUGH DECEMBER 8, 2006, BECAUSE OF MY PHYSICAL HANDICAP, BACK DISORDER (SCOLIOSIS).

B.  PRIMA FACIE ALLEGATIONS

1. I am handicapped within the meaning of Section 1-103(I) of the Human Rights Act.

2. Respondent was aware of my condition.

(Continued)

Complainant: Carolyn J. Jackson
Charge Number: 2007CF2004
Page 4

3. Beginning on or about November 1, 2006 and continuing through December 8, 2006, I have been harassed in Respondent's workplace by Tracy Rudd (non-handicapped), Respondent's Institutional Advancement Supervisor. During this period of time, Rudd has harassed me by continuously issuing me disciplinary actions which are not true, and are perceived by me as being harassing in nature. I have not engaged in any acts of willful misconduct which have merited being harassed in the workplace.

4. I believe that there have been other, similarly situated, non-handicapped clerks, that have levels of seniority and work performance which is similar to mine, but they are not being harassed in Respondent's workplace in the manner which I have been experiencing.

5. My handicapping condition does not prohibit me from performing the essential duties of my job, with reasonable accommodations.

V. A. ISSUE/BASIS

WRITTEN DISCIPLINARY WARNING, ON OR ABOUT NOVEMBER 1, 2006, BECAUSE OF MY RACE, BLACK.

B. PRIMA FACIE ALLEGATIONS

1. My race is black.

2. I have satisfactorily performed my duties as an Institutional Advancement Clerk, and have been employed with Respondent since December 5, 2005.

3. On or about November 1, 2006, I received a written disciplinary warning from Tracy Rudd (white), Respondent's Institutional Advancement Supervisor. Rudd's documentation states that I was being issued the written disciplinary warning because I allegedly failed to properly handle a check which was received from a donor. During this period of time, I did not engage in any acts of willful misconduct which merited the issuance of any written disciplinary warning.

4. I believe that there have been other, similarly situated, non-black clerks, that have levels of seniority and work performance which is similar to mine, that have either been accused of, or have engaged in acts of failing to properly handle and/or secure the contributions of Respondent's donors, but they were not issued any written disciplinary warning as I was.

(Continued)

Complainant: Carolyn J. Jackson
Charge Number: 2007CF2004
Page 5

VI. A. ISSUE/BASIS

WRITTEN DISCIPLINARY WARNING, ON OR ABOUT NOVEMBER 1, 2006, BECAUSE OF MY SEX, FEMALE.

B. PRIMA FACIE ALLEGATIONS

1. My sex is female.

2. I have satisfactorily performed my duties as an Institutional Advancement Clerk, and have been employed with Respondent since December 5, 2005.

3. On or about November 1, 2006, I received a written disciplinary warning from Tracy Rudd (female), Respondent's Institutional Advancement Supervisor. Rudd's documentation states that I was being issued the written disciplinary warning because I allegedly failed to properly handle a check which was received from a donor. During this period of time, I did not engage in any acts of willful misconduct which merited the issuance of any written disciplinary warning.

4. I believe that there have been other, similarly situated, male clerks, that have levels of seniority and work performance which is similar to mine, that have either been accused of, or have engaged in acts of failing to properly handle and/or secure the contributions of Respondent's donors, but they were not issued any written disciplinary warning as I was.

VII. A. ISSUE/BASIS

WRITTEN DISCIPLINARY WARNING, ON OR ABOUT NOVEMBER 1, 2006, BECAUSE OF MY NATIONAL ORIGIN, JAMAICA.

B. PRIMA FACIE ALLEGATIONS

1. My national origin is Jamaica.

2. I have satisfactorily performed my duties as an Institutional Advancement Clerk, and have been employed with Respondent since December 5, 2005.

(Continued)

Complainant: Carolyn J. Jackson
Charge Number: 2007CF2004
Page 6

3. On or about November 1, 2006, I received a written disciplinary warning from Tracy Rudd (non-Jamaica), Respondent's Institutional Advancement Supervisor. Rudd's documentation states that I was being issued the written disciplinary warning because I allegedly failed to properly handle a check which was received from a donor. During this period of time, I did not engage in any acts of willful misconduct which merited the issuance of any written disciplinary warning.

4. I believe that there have been other, similarly situated, non-Jamaica clerks, that have levels of seniority and work performance which is similar to mine, that have either been accused of, or have engaged in acts of failing to properly handle and/or secure the contributions of Respondent's donors, but they were not issued any written disciplinary warning as I was.

VIII. A. ISSUE/BASIS

WRITTEN DISCIPLINARY WARNING, ON OR ABOUT NOVEMBER 1, 2006, BECAUSE OF MY PHYSICAL HANDICAP, BACK DISORDER (SCOLIOSIS).

B. PRIMA FACIE ALLEGATIONS

1. I am handicapped within the meaning of Section 1-103(I) of the Human Rights Act.

2. Respondent was aware of my condition.

3. On or about November 1, 2006, I received a written disciplinary warning from Tracy Rudd (non-handicapped), Respondent's Institutional Advancement Supervisor. Rudd's documentation states that I was being issued the written disciplinary warning because I allegedly failed to properly handle a check which was received from a donor. During this period of time, I did not engage in any acts of willful misconduct which merited the issuance of any written disciplinary warning.

4. I believe that there have been other, similarly situated, non-handicapped clerks, that have levels of seniority and work performance which is similar to mine, that have either been accused of,

(Continued)

or have engaged in acts of failing to properly handle and/or secure the contributions of Respondent's donors, but they were not issued any written disciplinary warning as I was.

5. My handicapping condition does not prohibit me from performing the essential duties of my job, with reasonable accommodations.

IX. A. ISSUE/BASIS

WRITTEN DISCIPLINARY WARNING, ON OR ABOUT DECEMBER 5, 2006, BECAUSE OF MY RACE, BLACK.

B. PRIMA FACIE ALLEGATIONS

1. My race is black.

2. I have satisfactorily performed my duties as an Institutional Advancement Clerk, and have been employed with Respondent since December 5, 2005.

3. On or about December 5, 2006, I received a written disciplinary warning from Tracy Rudd (white), Respondent's Institutional Advancement Supervisor. Rudd's documentation states that I was being issued the written disciplinary warning because I was allegedly insubordinate, in that, I allegedly failed to follow a supervisory directive. I did not engage in any acts of insubordination, nor did I engage in any acts of willful misconduct which merited the issuance of any written disciplinary warning.

4. I believe that there have been other, similarly situated, non-black clerks, that have levels of seniority and work performance which is similar to mine, that have either been accused of, or have engaged in acts of insubordination towards Respondent's management, but they were not issued any written disciplinary warning as I was.

X. A. ISSUE/BASIS

WRITTEN DISCIPLINARY WARNING, ON OR ABOUT DECEMBER 5, 2006, BECAUSE OF MY SEX, FEMALE.

B. PRIMA FACIE ALLEGATIONS

1. My sex is female.

(Continued)

Complainant: Carolyn J. Jackson
Charge Number: 2007CF2004
Page 8

2. I have satisfactorily performed my duties as an Institutional Advancement Clerk, and have been employed with Respondent since December 5, 2005.

3. On or about December 5, 2006, I received a written disciplinary warning from Tracy Rudd (female), Respondent's Institutional Advancement Supervisor. Rudd's documentation states that I was being issued the written disciplinary warning because I was allegedly insubordinate, in that, I allegedly failed to follow a supervisory directive. I did not engage in any acts of insubordination, nor did I engage in any acts of willful misconduct which merited the issuance of any written disciplinary warning.

4. I believe that there have been other, similarly situated, male clerks, that have levels of seniority and work performance which is similar to mine, that have either been accused of, or have engaged in acts of insubordination towards Respondent's management, but they were not issued any written disciplinary warning as I was.

XI. A. ISSUE/BASIS

WRITTEN DISCIPLINARY WARNING, ON OR ABOUT DECEMBER 5, 2006, BECAUSE OF MY NATIONAL ORIGIN, JAMAICA.

B. PRIMA FACIE ALLEGATIONS

1. My national origin is Jamaica.

2. I have satisfactorily performed my duties as an Institutional Advancement Clerk, and have been employed with Respondent since December 5, 2005.

3. On or about December 5, 2006, I received a written disciplinary warning from Tracy Rudd (non-Jamaica), Respondent's Institutional Advancement Supervisor. Rudd's documentation states that I was being issued the written disciplinary warning because I was allegedly insubordinate, in that, I allegedly failed to follow a supervisory directive. I did not engage in any acts of insubordination, nor did I engage in any acts of willful misconduct which merited the issuance of any written disciplinary warning.

(Continued)

Complainant: Carolyn J. Jackson
Charge Number: 2007CF2004
Page 9

4. I believe that there have been other, similarly situated, non-Jamaica clerks, that have levels of seniority and work performance which is similar to mine, that have either been accused of, or have engaged in acts of insubordination towards Respondent's management, but they were not issued any written disciplinary warning as I was.

XII. A. ISSUE/BASIS

WRITTEN DISCIPLINARY WARNING, ON OR ABOUT DECEMBER 5, 2006, BECAUSE OF MY PHYSICAL HANDICAP, BACK DISORDER (SCOLIOSIS).

B. PRIMA FACIE ALLEGATIONS

1. I am handicapped within the meaning of Section 1-103(I) of the Human Rights Act.

2. Respondent was aware of my condition.

3. On or about December 5, 2006, I received a written disciplinary warning from Tracy Rudd (non-handicapped), Respondent's Institutional Advancement Supervisor. Rudd's documentation states that I was being issued the written disciplinary warning because I was allegedly insubordinate, in that, I allegedly failed to follow a supervisory directive. I did not engage in any acts of insubordination, nor did I engage in any acts of willful misconduct which merited the issuance of any written disciplinary warning.

4. I believe that there have been other, similarly situated, non-handicapped clerks, that have levels of seniority and work performance which is similar to mine, that have either been accused of, or have engaged in acts of insubordination towards Respondent's management, but they were not issued any written disciplinary warning as I was.

5. My handicapping condition does not prohibit me from performing the essential duties of my job, with reasonable accommodations.

XIII. A. ISSUE/BASIS

DISCHARGE, ON OR ABOUT DECEMBER 8, 2006, BECAUSE OF MY RACE, BLACK.

(Continued)

Complainant: Carolyn J. Jackson
Charge Number: 2007CF2004
Page 10

    B.   PRIMA FACIE ALLEGATIONS

        1. My race is black.

        2. I have satisfactorily performed my duties as an Institutional Advancement Clerk, and have been employed with Respondent since December 5, 2005.

        3. On or about December 8, 2006, I was discharged from my position of employment by Tracy Rudd (white), Respondent's Institutional Advancement Supervisor. Rudd's documentation states that I was being discharged because I was allegedly insubordinate on November 7, 2006, for failing to leave Respondent's premises after the normal work day, and for failing to secure the check of a donor on October 27, 2006. I did not engage in any acts of willful misconduct which merited being discharged from Respondent's employ.

        4. I believe that there have been other, similarly situated, non-black clerks, that have levels of seniority and work performance which is similar to mine, but they were not discharged from Respondent's employ as I was.

XIV.  A.  ISSUE/BASIS

DISCHARGE, ON OR ABOUT DECEMBER 8, 2006, BECAUSE OF MY SEX, FEMALE.

    B.   PRIMA FACIE ALLEGATIONS

        1. My sex is female.

        2. I have satisfactorily performed my duties as an Institutional Advancement Clerk, and have been employed with Respondent since December 5, 2005.

        3. On or about December 8, 2006, I was discharged from my position of employment by Tracy Rudd (female), Respondent's Institutional Advancement Supervisor. Rudd's documentation states that I was being discharged because I was allegedly insubordinate on November 7, 2006, for failing to leave Respondent's premises after the normal work day, and for failing to secure the check of a donor on October 27, 2006. I did not engage in any acts of willful misconduct which merited being discharged from Respondent's employ.

(Continued)

Complainant: Carolyn J. Jackson
Charge Number: 2007CF2004
Page 11

    4. I believe that there have been other, similarly situated, male clerks, that have levels of seniority and work performance which is similar to mine, but they were not discharged from Respondent's employ as I was.

XV.   A.   ISSUE/BASIS

DISCHARGE, ON OR ABOUT DECEMBER 8, 2006, BECAUSE OF MY NATIONAL ORIGIN, JAMAICA.

    B.   PRIMA FACIE ALLEGATIONS

1. My national origin is Jamaica.

2. I have satisfactorily performed my duties as an Institutional Advancement Clerk, and have been employed with Respondent since December 5, 2005.

3. On or about December 8, 2006, I was discharged from my position of employment by Tracy Rudd (non-Jamaica), Respondent's Institutional Advancement Supervisor. Rudd's documentation states that I was being discharged because I was allegedly insubordinate on November 7, 2006, for failing to leave Respondent's premises after the normal work day, and for failing to secure the check of a donor on October 27, 2006. I did not engage in any acts of willful misconduct which merited being discharged from Respondent's employ.

4. I believe that there have been other, similarly situated, non-Jamaica clerks, that have levels of seniority and work performance which is similar to mine, but they were not discharged from Respondent's employ as I was.

XVI.   A.   ISSUE/BASIS

DISCHARGE, ON OR ABOUT DECEMBER 8, 2006, BECAUSE OF MY PHYSICAL HANDICAP, BACK DISORDER (SCOLIOSIS).

    B.   PRIMA FACIE ALLEGATIONS

1. I am handicapped within the meaning of Section 1-103(I) of the Human Rights Act.

2. Respondent was aware of my condition.

(Continued)

Complainant: Carolyn J. Jackson
Charge Number: 2007CF2004
Page 12

3. On or about December 8, 2006, I was discharged from my position of employment by Tracy Rudd (non-handicapped), Respondent's Institutional Advancement Supervisor. Rudd's documentation states that I was being discharged because I was allegedly insubordinate on November 7, 2006, for failing to leave Respondent's premises after the normal work day, and for failing to secure the check of a donor on October 27, 2006. I did not engage in any acts of willful misconduct which merited being discharged from Respondent's employ.

4. I believe that there have been other, similarly situated, non-handicapped clerks, that have levels of seniority and work performance which is similar to mine, but they were not discharged from Respondent's employ as I was.

5. My handicapping condition does not prohibit me from performing the essential duties of my job, with reasonable accommodations.

ACF/JJT/RCG